UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH FLORES SANCHEZ,<br><br>             Plaintiff,<br><br>    v.<br><br>RICHARD MORGAN, et al.,<br><br>             Defendants. | CASE NO. C16-5234 BHS-KLS<br><br>ORDER TO SHOW CAUSE OR TO AMEND |

Before the Court for review is Plaintiff Joseph Flores Sanchez's proposed civil rights complaint. Dkt. 8. Plaintiff has been granted leave to proceed *in forma pauperis*. Dkt. 7. The Court has determined that it will not direct service of plaintiff's complaint at this time because it is deficient. However, plaintiff will be given an opportunity to show cause why his complaint should not be dismissed or to file an amended complaint **by May 13, 2016**.

## BACKGROUND

Plaintiff is incarcerated at Stafford Creek Corrections Center (SCCC). He sues Richard Morgan, Secretary of Prisons for the Washington State Department of Corrections (DOC); Margaret Gilbert, Superintendent of SCCC; and, Dr. Furst. Plaintiff alleges that he was prescribed medication prior to incarceration for various mental disorders and was under care at Cascade Mental Health from 2002 through 2012. Dkt. 8, at 3. He alleges that when he arrived at SCCC in February 2014, Dr. Furst took away his thorzine because Dr. Furst did not like it and wanted to save money for DOC. Plaintiff alleges that Dr. Furst continued to cut his medication,

1 | even though he submitted multiple kites and grievances regarding his multiple disorders, called
2 | him a "liar," and said that he did not need the medicines. *Id.*
3 |     Plaintiff further states that he filed a Grievance No. 16603202, "which [he] is finish up
4 | grieving." *Id.* He acknowledges that there is a grievance procedure available at SCCC, that he
5 | filed a grievance concerning the facts relating to his complaint, but that the grievance process is
6 | not completed. *Id.*, at 2.

## DISCUSSION

8 |     The Court declines to serve the complaint because it contains fatal deficiencies that, if not
9 | addressed, might lead to a recommendation of dismissal of the entire action for failure to state a
10 | claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).
11 |     Plaintiff's complaint is brought under § 1983. To state a claim under § 1983,
12 | a plaintiff must allege facts showing (1) the conduct about which he complains was committed
13 | by a person acting under the color of state law; and (2) the conduct deprived him of a federal
14 | constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In
15 | addition, to state a valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as
16 | a result of the conduct of a particular defendant, and he must allege an affirmative link between
17 | the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.    Exhaustion**

19 |     The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all administrative
20 | remedies before bringing a § 1983 claim. 42 U.S.C. § 1997e(a); *Griffin v. Arpaio,* 557 F.3d
21 | 1117, 1119 (2009). To effectively exhaust his administrative remedies, an inmate must use all
22 | the formal steps of the prison grievance process. *Id*. Because the purpose of exhaustion is to
23 | give prison administrators a chance to resolve the issues, the inmate must exhaust each of his

1  claims through grievances containing enough factual specificity to notify officials of the alleged
2  harm. *Id.* at 1120.
3       Plaintiff's civil rights complaint is dated April 5, 2016. Consequently, any claim not
4  exhausted prior to that date may not be pursued in this action. Exhaustion must *precede* the
5  filing of the complaint and compliance with the statute is not achieved by satisfying the
6  exhaustion requirement during the course of an action. *McKinney v. Carey*, 311 F.3d 1198, 1199
7  (9th Cir.2002). In his complaint, plaintiff states that there is a grievance process at SCCC, that
8  he has filed a grievance, but that the grievance process is not complete. Dkt. 8, at 2. Therefore,
9  it appears plaintiff filed this lawsuit prematurely and he is directed to explain why his complaint
10 should not be dismissed without prejudice for failure to fully exhaust.

11 **B.    Personal Participation**

12      To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing how a
13 defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v.*
14 *Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). A person subjects another to a deprivation of a
15 constitutional right when committing an affirmative act, participating in another's affirmative
16 act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743
17 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a
18 claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious
19 liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights.
20 *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).
21      Plaintiff names Richard Morgan, Secretary of Prisons of the DOC, and alleges generally
22 that Mr. Morgan is "in charge of giving orders and gave the order to terminate meds for people
23 with mental health disabilities." Dkt. 8, at 2. He also names Margaret Gilbert, superintendent of
24 SCCC, and alleges generally that she is in charge of SCCC's daily operations. *Id.* Plaintiff fails

to clearly state the alleged wrong-doing of each of these defendants. Plaintiff cannot bring § 1983 action against a supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff must describe who violated his rights, when they violated his rights, and how this violation caused him harm. Absent such allegations, the individuals named in the complaint will be dismissed.

## CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before May 13, 2016.** If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

1     **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C.**

2 **1983 civil rights complaint and for service, a copy of this Order and the Pro Se Information**

3 **Sheet.**

4     **DATED** this 12th day of April, 2016.

                                            Karen L. Strombom
                                            United States Magistrate Judge