UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH FLORES SANCHEZ,

    Plaintiff,

  v.

RICHARD MORGAN, et al.,

    Defendants.

CASE NO. C16-5234 BHS-KLS

ORDER DENYING PLAINTIFF'S MOTIONS FOR THE APPOINTMENT OF COUNSEL

    Plaintiff Joseph Flores Sanchez moves for the appointment of counsel. Dkt. 9 and 11. Having carefully reviewed the motion and balance of the record, the Court finds that the motion should be denied.

## DISCUSSION

    No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and]

1 the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal
2 issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting
3 *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he
4 has an insufficient grasp of his case or the legal issue involved and an inadequate ability to
5 articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d
6 1101, 1103 (9th Cir. 2004).

7       Mr. Sanchez seeks the appointment of counsel because he is indigent, is mentally and
8 physically disabled, and now that he is no longer incarcerated, has no access to computers, funds,
9 transportation, or any resources at all.  *See, e.g.,* Dkt. 11.  The docket reflects that Mr. Sanchez
10 was released from prison and is now residing in Aberdeen, Washington.  Since his release, he
11 submitted an amended complaint for review.  Dkt. 17.  Mr. Sanchez has failed to state a viable
12 Section 1983 claim at this time, but will be allowed an additional opportunity to amend his
13 complaint.  From what he has alleged, it does not appear that this case involves complex facts or
14 law and Mr. Sanchez has shown an ability to articulate his claims in a clear fashion
15 understandable to the Court.  In addition, Mr. Sanchez does not show that he is likely to succeed
16 on the merits of his case.

17       Accordingly, it is **ORDERED:**

18     (1)    Plaintiff's motions for counsel (Dkt. 9 and 11) are **DENIED.**

19     (2)    The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

20 Dated this 17th day of June, 2016.

                                      Karen L. Strombom
                                      United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTIONS
FOR THE APPOINTMENT OF COUNSEL - 2