UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH FLORES SANCHEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD MORGAN, et al.,<br><br>    Defendants. | CASE NO. C16-5234 BHS-KLS<br><br>SECOND ORDER TO SHOW CAUSE OR TO AMEND |

Before the Court for review is Plaintiff Joseph Flores Sanchez's proposed amended civil rights complaint. Dkt. 17. Plaintiff has been granted leave to proceed *in forma pauperis*. Dkt. 7. The Court has determined that it will not direct service of plaintiff's amended complaint at this time because it is deficient. However, plaintiff will be given one more opportunity to show cause why his complaint should not be dismissed or to file an amended complaint **by July 29, 2016**.

## BACKGROUND

Plaintiff is no longer incarcerated. He sues Richard Morgan, Secretary of Prisons for the Washington State Department of Corrections (DOC); Margaret Gilbert, Superintendent of Stafford Creek Corrections Center (SCCC), and Dr. Furst. Plaintiff, who was previously incarcerated at the SCCC, alleges that he suffers from various medical disorders and that while he was at the SCCC, defendants violated his Eighth and Fourteenth Amendment rights by engaging "in affirmative or omissions to [his] serious needs." He claims that Richard Morgan

allowed "mental abuse to continue; that Margaret Gilbert knew of the mental abuse and denial of medications but failed to do anything; and, that Dr. Furst failed to help him on many occasions by denying medical treatment and interfering with previously prescribed medical treatment. Dkt. 17 at 3.

## DISCUSSION

Plaintiff's amended complaint is brought under § 1983. To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl.*

1  *Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)).  In

2  addition, the complaint must include more than "naked assertions," "labels and conclusions" or

3  "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555-557.

4  After plaintiff filed his original complaint, he was directed by the Court to allege facts

5  showing who violated his rights, when they violated his rights, and how this violation caused

6  him harm.  Plaintiff has failed to do so.  In his amended complaint, plaintiff makes vague

7  allegations of harm, but he fails to plead any facts about how his constitutional rights were

8  violated.  For example, he claims that Richard Morgan allowed "mental abuse to continue," that

9  Margaret Gilbert knew of the mental abuse and denial of medications, and that Dr. Furst failed to

10  help him on many occasions.  However, plaintiff does not allege facts describing the nature of

11  the mental abuse, when this conduct occurred, or what actions the defendants took or failed to

12  take to cause him harm.

13  If plaintiff intends to pursue this lawsuit, he should file a second amended complaint with

14  short, plain statements telling the Court: (1) the constitutional right he believes was violated; (2)

15  name of the person who violated the right; (3) when and what that individual did or failed to do;

16  (4) how the action or inaction of that person is connected to the violation of his constitutional

17  rights; and (5) what specific injury he suffered because of that person's conduct.  See *Rizzo v.*

18  *Goode*, 423 U.S. 362, 371–72 (1976).

**CONCLUSION**

20  Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff

21  may show cause why his complaint should not be dismissed or may file an amended complaint to

22  cure, if possible, the deficiencies noted herein, **on or before July 29, 2016.**  If an amended

23  complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case

24  number.  Any cause of action alleged in the original complaint that is not alleged in the amended

SECOND ORDER TO SHOW CAUSE OR TO
AMEND- 3

1  complaint is waived.  *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in*

2  *part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).

3        The Court will screen the amended complaint to determine whether it states a claim for

4  relief cognizable under 42 U.S.C. 1983.  If the amended complaint is not timely filed or fails to

5  adequately address the issues raised herein, the Court will recommend dismissal of this action as

6  frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C.

7  § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three

8  or more civil actions or appeals which are dismissed on grounds they are legally frivolous,

9  malicious, or fail to state a claim, will be precluded from bringing any other civil action or

10  appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical

11  injury." 28 U.S.C. § 1915(g).

12        **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C.**

13  **1983 civil rights complaint and for service, a copy of this Order and the Pro Se Information**

14  **Sheet.**

15        **DATED** this 17th day of June, 2016.

                                                 Karen L. Strombom
                                                 United States Magistrate Judge