1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH FLORES SANCHEZ,

                                    Plaintiff,

        v.

RICHARD MORGAN, et al.,

                                    Defendants.

No. C16-5234 BHS-KLS

**REPORT AND RECOMMENDATION**
**Noted For: September 9, 2016**

On April 12, 2016, the Court declined to serve the Plaintiff's original complaint because it was deficient but granted Plaintiff Joseph Flores Sanchez leave to amend.  Dkt. 10.  On June 1, 2016, following a Court extension of his deadline, plaintiff filed an amended complaint.  Dkt. 17.  The Court declined to serve the amended complaint because it was also deficient but again granted plaintiff leave to file a second amended complaint.  Dkt. 21.  Plaintiff's second amended complaint was due by July 29, 2016.  *Id.*  However, he has failed to file a second amended complaint or otherwise respond to the Court's order.

The undersigned recommends that this action be dismissed without prejudice prior to service because plaintiff has failed to state a claim under 42 U.S.C. § 1983 and has failed to properly respond to this Court's Orders.

**DISCUSSION**

Plaintiff is no longer incarcerated. In his amended complaint, he sues Richard Morgan, Secretary of Prisons for the Washington State Department of Corrections (DOC); Margaret

REPORT AND RECOMMENDATION - 1

Gilbert, Superintendent of Stafford Creek Corrections Center (SCCC); and, and Dr. Furst. Plaintiff, who was previously incarcerated at the SCCC, alleges that he suffers from various medical disorders and that while he was at the SCCC, defendants violated his Eighth and Fourteenth Amendment rights by engaging "in affirmative or omissions to [his] serious needs." He claims that Richard Morgan allowed "mental abuse to continue; that Margaret Gilbert knew of the mental abuse and denial of medications but failed to do anything; and, that Dr. Furst failed to help him on many occasions by denying medical treatment and interfering with previously prescribed medical treatment."  Dkt. 17 at 3.

## DISCUSSION

Plaintiff's amended complaint is brought under § 1983.  To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right.  *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Sweeping conclusory allegations against an official are insufficient to state a claim for relief.  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).  Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights.  *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

REPORT AND RECOMMENDATION - 2

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)).  The complaint must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555-557.

After plaintiff filed his original complaint, he was directed to allege facts showing who violated his rights, when they violated his rights, and how this violation caused him harm. Plaintiff failed to do so.  In his amended complaint, plaintiff makes vague allegations of harm, but he fails to plead any facts about how his constitutional rights were violated.  For example, he claims that Richard Morgan allowed "mental abuse to continue," that Margaret Gilbert knew of the mental abuse and denial of medications, and that Dr. Furst failed to help him on many occasions.  However, plaintiff does not allege facts describing the nature of the mental abuse, when this conduct occurred, or what actions the defendants took or failed to take to cause him harm.

Plaintiff has failed to allege how any of the defendants have violated his constitutional rights or how he has suffered an actual injury as a result.

## CONCLUSION

This Court granted plaintiff two opportunities to state a viable constitutional claim and provided him with sufficient instructions to allow him to do so.  He has failed to do so and therefore, this action should be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written

REPORT AND RECOMMENDATION - 3

objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 9, 2016,** as noted in the caption.

       **DATED** this 22nd day of August, 2016.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4